UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY D. BONSACK,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES D. HARTLEY, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01054-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AS TO CERTAIN CLAIMS<br><br>[ECF No. 1]<br><br>THIRTY DAY DEADLINE |

    Plaintiff Sonny D. Bonsack is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c)(1), Plaintiff has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

    Plaintiff filed the instant complaint on June 28, 2012. For the reasons explained below, the Court finds that Plaintiff has failed to state a cognizable claim for relief. The Court will provide Plaintiff with what it believes to be the applicable legal standards and Plaintiff should carefully review the standards before filing an amended complaint.

**I.**

**SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On June 20, 2011, Plaintiff was given a knife from a fellow gang member. On June 21, 2011, at 4:30 a.m., Plaintiff voluntarily gave the knife to an officer. Plaintiff was then put in a restraint cage until 2:30 p.m. and was later taken to administrative segregation.

Staff initially told Plaintiff that he would not receive a "write up," however, he did receive a rules violation which resulted in the loss of 360 days of good time credit, a 10 month placement in the security housing unit, and 46 points added to his classification score.

///

///

Plaintiff alleges that in June before he was placed in the restraint cage medical staff informed him of the need to be checked for aids and hepatitis C. Plaintiff alleges that despite having knowledge that he tested positive for hepatitis C, he was not informed of the results for eight months.

Plaintiff also contends that his mail was "messed with" because a letter sent to him was returned with a notation that he had "paroled."

Plaintiff names Warden, James D. Hartley, Associate Warden, M. D. Montel, J.L. Hill, Bailey, D. Harter, G. Tulp, A. Garcia. Madrid, A. Gonzalez, Conwell, and B. Sunamoto, as Defendants.

Plaintiff requests a declaration that his constitutional rights have been violated, a preliminary and permanent injunction, and compensatory and punitive damages, among other things.

## III.

## DISCUSSION

**A.   Section 1983 Relief is Barred by Disciplinary Conviction**

Plaintiff's section 1983 claim challenging the disciplinary proceedings is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). A state prisoner's section 1983 complaint is not cognizable if success on the claim would necessarily imply the invalidity of his sentence. Heck, 512 U.S. at 486-487. Further, a prisoner's section 1983 challenge to disciplinary hearing procedures is barred if a judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Edwards, 520 U.S. at 646. Here, a decision in Plaintiff's favor would necessarily imply the invalidity of his guilty findings and the loss of credits, and would necessarily affect his release date. Accordingly, Plaintiff may not pursue his claims challenging the disciplinary violation in the action, and this claim must be dismissed without leave to amend.

///
///
///
///
///
///

3

**B.     Deliberate Indifference to Serious Medical Need**

Plaintiff contends that in June before he was placed in the restraint cage medical staff checked him for aids and hepatitis C.  Plaintiff contends officials knew for eight months that he tested positive for hepatitis C before he was informed.[1]

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Although, hepatitis may constitute a serious medical need, this alone does not give rise to an Eighth Amendment claim.  Plaintiff must allege facts sufficient to support a claim of deliberate indifference to serious medical needs, which requires a showing that the named defendants knowingly disregarded an excessive risk of harm to Plaintiff's health.

Here, Plaintiff alleges nothing more than the fact that he was not informed of the positive results for eight months.  There are no factual allegations linking any of the named defendants to a specific action or omission which demonstrate deliberate indifference to Plaintiff's medical needs.[2]

---

[1] A finding that any of the named defendants violated the Eighth Amendment as to the medical care Plaintiff received would not necessarily imply the invalidity of the guilty finding of the rules violation and resulting loss of credits.

[2] Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### C. Interference with Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

Plaintiff has failed to demonstrate a cognizable First Amendment claim as to the alleged interference with his mail.[3] Plaintiff fails to set forth sufficient factual allegations showing an improper motive for the mishandling of his mail. In addition, Plaintiff fails to link any of the named defendants to the alleged interference with his mail. Iqbal, 556 U.S. at 676-677.

## V.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

---

[3] As with the prior claim, a finding that any of the named defendants violated the First Amendment by interfering with Plaintiff's mail would not necessarily imply the invalidity of his rules violation.

"complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 28, 2012, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint as to his Eighth and First Amendment claims; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **October 10, 2013**

UNITED STATES MAGISTRATE JUDGE