1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY D. BONSACK, | Case No.: 1:12-cv-01054-SAB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST FOR COURT ORDER TO ACCESS HIS CENTRAL FILE |
| v. | |
| JAMES D. HARTLEY, et al., | |
| Defendants. | [ECF No. 17] |

Plaintiff Sonny D. Bonsack is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c)(1), Plaintiff has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Now pending before the Court is Plaintiff's motion for an extension of time to file an amended complaint and request for a court order to grant him access his prison central file, filed on November 12, 2013.

## I.

## DISCUSSION

### A.    Motion for Extension of Time

Good cause having been presented to the Court, Plaintiff's motion for an extension of time shall be granted, and Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint.

1

**B.      Request for Court Order to Grant Access to Prison Central File**

Plaintiff requests the Court issue an order granting him access to his prison central file.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

On October 20, 2013, Plaintiff complaint was dismissed, with leave to amend, for failure to state any claims. In light of Plaintiff's failure to state any claim upon which relief may be granted, there is no actual case or controversy before the Court at this time, and Court lacks the jurisdiction to issue the orders sought by Plaintiff. Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A). Further, assuming that Plaintiff is able to amend to state a claim for violation of the Eighth Amendment arising

from inadequate medical care and First Amendment right to receive and sent mail, the pendency of this action will not entitle Plaintiff to the issuance of a preliminary injunction aimed at gaining access to his prison central file.  The Court's jurisdiction will be limited to the issuance of orders that remedy the underlying legal claim.  Id.   Accordingly, Plaintiff's motion for a court order granting him to his prison central file must be DENIED.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion for an extension of time is GRANTED, and Plaintiff has thirty (30) days from the date of service of this order to file an amended complaint; and

2.      Plaintiff's motion for a preliminary injunction directing prison officials to allow him access to his prison central file is DENIED.


IT IS SO ORDERED.

Dated:   **November 13, 2013**

UNITED STATES MAGISTRATE JUDGE